UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRIOT MEDICAL LABORATORIES LLC d/b/a CIAN DIAGNOSTICS,<br>　Plaintiff<br><br>v.<br><br>BELTERRA HEALTH & REHAB LLC<br>　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 23-578 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Patriot Medical Laboratories LLC d/b/a CIAN Diagnostics, Plaintiff, and respectfully shows:

1. Plaintiff Patriot Medical Laboratories LLC d/b/a CIAN Diagnostics is a limited liability company formed under the laws of Maryland. Plaintiff's principal place of business is in Maryland.

2. Defendant Belterra Health & Rehab LLC is a limited liability company formed under the laws of Texas. Defendant's principal place of business is in Texas. Defendant may be served with process by serving its registered agent, Mark I. Agee, 6318 E. Lovers Lane, Dallas, TX 75214-2016.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this case under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Plaintiff is a citizen of Maryland.

5. Defendant is a citizen of Texas.

6. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendant, Belterra Health & Rehab LLC, resides in this district. Venue also is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff's allegations are made upon its information and belief.

8. This is a breach of contract and quantum meruit case and all conditions precedent to bringing the actions asserted have been performed or have occurred.

9. Plaintiff performs Covid-19 testing for healthcare providers, schools, employers, government agencies, camps, travelers, and many other organizations.

10. Defendant owns and operates Belterra Health and Rehabilitation Center in McKinney, Texas.

11. Plaintiff and Defendant entered into an agreement (the "Agreement") in which Plaintiff agreed to provide certain clinical laboratory testing services, and to provide reports back to Defendant in an electronic format.

12. Defendant agreed to compensate Plaintiff for its work pursuant to the terms of the Agreement.

13. Plaintiff performed the clinical laboratory testing services that it agreed to perform and forwarded the reports to Defendant as agreed.

14. Plaintiff forwarded to Defendant its invoice no. 485, dated February 7, 2023.

15. There is due and owing by Defendant to Plaintiff the amount of $177,039.00 for invoice no. 485.

16. On or about May 17, 2023, counsel for Plaintiff forwarded a demand letter to Defendant requesting payment of the amount owed.

17. Defendant has failed to pay Plaintiff the amount owed.

## **COUNT 1: BREACH OF CONTRACT**

18. A valid and enforceable contract existed between Plaintiff and Defendant.

19. Defendant agreed to compensate Plaintiff for its clinical laboratory testing services pursuant to the Agreement.

20. Plaintiff performed all of its obligations under the Agreement.

21. Defendant breached the Agreement by failing to compensate Plaintiff as agreed.

22. As a result of Defendant's breach, Plaintiff sustained damages in an amount to be proven at trial.

## **COUNT 2: QUANTUM MERUIT**

23. In the alternative to Count 1, Plaintiff performed and provided valuable clinical laboratory testing services and lab reports for Defendant.

24. Defendant accepted the clinical laboratory testing services and lab reports provided by Plaintiff.

25. Defendant had reasonable notice that Plaintiff expected compensation for the clinical laboratory services and lab reports.

26. Defendant failed to compensate Plaintiff for the clinical laboratory services and lab reports.

27. Defendant will be unjustly enriched in the amount claimed by Plaintiff if allowed to retain the benefit conferred on it without payment for the reasonable value of the services provided by the Plaintiff to the Defendant described above.

## ATTORNEYS' FEES

28. Plaintiff seeks its reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38. Plaintiff retained counsel, who presented Plaintiff's claim to Defendant. Defendant failed to tender the amount owed within 30 days after the claim was presented.

## INTEREST

29. In addition, Plaintiff has suffered damages because Defendant has had the use of the money owed to Plaintiff since the date the money was due. Plaintiff is therefore entitled to interest on the amount due, at the rate prescribed by law.

## RELIEF REQUESTED

WHEREFORE, Patriot Medical Laboratories LLC d/b/a CIAN Diagnostics, Plaintiff, respectfully requests this Court to award the following relief:

a. Judgment against Belterra Health & Rehab LLC for a sum within the jurisdictional limits of the Court;

b. Reasonable and necessary attorneys' fees;

c. Pre-judgment interest, post-judgment interest, and costs of Court; and

d. Such other relief to which Plaintiff is entitled.

DATED: June 21, 2023

Respectfully submitted,

BARRON & NEWBURGER PC
7320 N. MoPac Expressway, Ste. 400
Austin, Texas 78731
Telephone: (512) 476-9103

By: /s/ *Kurt Sauer*
    Kurt Sauer
    Lead Attorney
    Texas Bar No. 17673700
    ksauer@bn-lawyers.com
    Francesca Di Troia
    Texas Bar No. 24097596

fditroia@bn-lawyers.com

COUNSEL FOR PATRIOT MEDICAL
LABORATORIES LLC D/B/A CIAN
DIAGNOSTICS